UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHRISTOPHER SPERRY,** | Civil Action No. 18-9996 (ES) (MAH) |
| Plaintiff, | |
| v. | OPINION |
| **ANDRAIA BRIDGES, et al.,** | |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the Court on Defendant Andraia Bridges's motion for a protective order deferring her deposition until the resolution of a New Jersey Superior Court criminal action against her. Def.'s Mot. for Protective Order, Sept. 14, 2021, D.E. 85. The Court has considered the parties' submissions and, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, has decided the motion without oral argument. For the reasons set forth below, the Court will deny the motion.

## II. BACKGROUND

Plaintiff initiated this action on June 1, 2018 by filing a Complaint against Bridges and other New Jersey Department of Corrections officers. Compl., June 1, 2018, D.E. 1, at ¶¶ 9, 24-29. According to the Second Amended Complaint, Plaintiff was incarcerated at Northern State Prison on November 29, 2017. On that date, Defendant Raheem Williams and Defendant Bridges were working at that facility as corrections officers. Second Am. Compl., Mar. 4, 2020, D.E. 36, at ¶¶ 6-7, 17-18. Plaintiff alleges that he was attacked without provocation and repeatedly punched by Defendant Williams. *Id.* at ¶¶ 17-19. Plaintiff further alleges that Defendant Bridges failed to intervene, and instead pepper-sprayed Plaintiff. *Id.* at ¶¶ 33-38.

1

Plaintiff contends that Defendants' conduct during and after the incident constituted violations of his civil rights under 42 U.S.C. § 1983. *Id.* at pp. 9-14.

Defendant Bridges has not been subject to criminal charges for her role in the alleged assault on Plaintiff. However, Defendant Bridges has been charged in New Jersey Superior Court with one count of official misconduct, N.J.S.A. 2C:30-2B, in connection with a January 12, 2021 incident at the Edna Mahan Correctional Facility. Def.'s Br., D.E. 85-2, at pp. 1, 4; Exh. A to Certification of Benjamin Clarke, Esq., April 27, 2021, D.E. 85-1, at pp. 4-7 ("Criminal Complaint"). According to the affidavit of probable cause attached to the Criminal Complaint, Bridges witnessed and failed to prevent a five-person extraction team's use of excessive force against a handcuffed, compliant female inmate. Criminal Complaint, D.E. 85-1, at p. 8. The Criminal Complaint also charges that Defendant Bridges failed to report the extraction team's unauthorized use of force, despite having a legal duty to do so. *Id.* Defendant Bridges has pleaded not guilty to the Criminal Complaint, has not been indicted, and a trial date has not been set. Def.'s Br., D.E. 85-2, at p. 4.

Defendant Bridges now seeks a protective order to defer[1] her deposition in this matter until the resolution of her New Jersey Superior Court criminal case. *Id.* Defendant Bridges asserts that the ongoing criminal case "involve[s] many of the same issues" and "nearly identical allegations of misconduct." *Id.* at p. 9. She contends that her deposition in this matter will therefore "tread upon her Fifth Amendment rights" and "place her in the unfair position of being

---

[1] Defendant Bridges states that she "does not seek a stay; rather, she seeks a mere deferral of her deposition." Def.'s Reply Br., Oct. 11, 2021, D.E. 88, at p. 1. Bridges's motion papers and the case law she relies upon repeatedly use the term "stay." *See* Def.'s Br., D.E. 85-2; *see also* Def.'s Reply Br., D.E. 88. The Court sees no functional difference between these two terms, as in either event Defendant Bridges seeks to postpone her deposition pending resolution of the criminal charge.

forced to choose between invoking her right against self-incrimination . . . or waiving them [sic]." *Id.* at p. 1.  Plaintiff opposes the motion.  Pl.'s Br. in Opp'n, Oct. 4, 2021, D.E. 87.

**III.    DISCUSSION**

The Court has "broad discretion to manage [its] docket and to decide discovery issues." *Gerald Chamales Corp. v. Oki Data Ams., Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007).  This discretion includes the ability to, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1). Upon a showing of good cause, the Court may enter a protective order "forbidding disclosure or discovery; . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."  *Id.*  Bridges, as the moving party, bears the burden of proving good cause exists to limit or foreclose discovery.  *Cipollone v. Ligget Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).  Good cause is established "by demonstrating a particular need for protection.  Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."  *Id.*

Criminal proceedings against a named party do not necessarily justify entry of a stay or a protective order, *see Forrest v. Corzine*, 757 F. Supp. 2d 473, 476 (D.N.J. 2010), but a stay "may be warranted in certain circumstances," *Walsh Sec., Inc. v. Cristo Prop. Mgmt.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998).  "The power to stay a portion of a case or the entire proceeding is incidental to a court's power to dispose of cases to promote their fair and efficient adjudication." *Gerald Chamales Corp.*, 247 F.R.D. at 456 (citing *United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994)).  That power "calls for the exercise of judgment and the weighing of competing interests."  *Id.* (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)).  In this case, Defendant Bridges asserts that it is appropriate to stay her deposition because her testimony at

this deposition may be used as evidence in her criminal case. Therefore, she asserts that if the deposition were to proceed, she would face the Hobbesian choice of providing potentially inculpatory testimony or invoking her Fifth Amendment right against self-incrimination and thereby risking an adverse inference.

The Court finds, and the parties agree, that the six-factor test set forth in *Walsh Securities* is the relevant analysis for the instant motion. Def.'s Br., D.E. 85-2, at p. 7; Pl.'s Br., D.E. 87 at pp. 3-4. In the context of parallel civil and criminal proceedings,

> [t]he factors to be considered in deciding whether to grant a stay include: 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest.

*Walsh Sec.*, 7 F. Supp. 2d at 526-27 (citing *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)).

The Court will address each of these factors in turn.

1. <u>The Extent to Which the Issues in the Criminal and Civil Cases Overlap</u>

The degree to which the issues in the parallel civil and criminal proceedings overlap is "'the most important issue at the threshold' in determining whether or not to grant a stay." *Id.* at 527 (quoting Milton Pollack, *Parallel Civil & Criminal Proceedings*, 129 F.R.D. 201, 203 (1989)). "When there is a significant overlap between the civil and criminal matters self-incrimination is more likely. But '[i]f there is no overlap, there would be no danger of self-incrimination and accordingly no need for a stay.'" *Strategic Env't Partners, LLC v. N.J. Dep't of Env't Prot.*, Civ. No. 12-3252, 2016 WL 3267285, at *3 (D.N.J. June 8, 2016) (alteration in original) (quoting *Transworld Mech., Inc.*, 886 F. Supp. at 1139).

4

Here, the civil and criminal proceedings at issue do not arise from the same occurrence. *See, e.g.*, *Walker v. Cnty. of Gloucester*, Civ. No. 15-7073, 2016 WL 1725942, at *2 (D.N.J. Apr. 28, 2016); *Castellani v. Atlantic City*, Civ. No. 13-5848, 2014 WL 201955, at *2 (D.N.J. Jan. 15, 2014). Defendant Bridges nevertheless contends that the issues in this case and her New Jersey Superior Court criminal matter significantly overlap because (1) both stem from corrections officers' alleged use of excessive force against an inmate; (2) the altercations involved multiple corrections officers; (3) Defendant Bridges "was a witness/bystander for much of the altercations at issue;" and (4) "both cases involve a claim that Defendant Bridges had the opportunity and obligation to intervene in the altercation and prevent harm to the inmate but failed to do so." Def.'s Br., D.E. 85-2, at pp. 9-10.

Plaintiff responds that the allegations in the Second Amended Complaint and the criminal matter are entirely distinct. Plaintiff emphasizes that they involve two separate incidents that occurred more than three years apart, do not involve the same parties other than Defendant Bridges, and do not involve the same facts. Pl.'s Br., D.E. 87, at pp. 4-5. Plaintiff also avers that the Second Amended Complaint alleges that Defendant Bridges personally used excessive force and assaulted him, while the Criminal Complaint makes no such assertion. *Id.* at p. 5; *see also* Second Am. Compl., D.E. 36, at ¶ 37; Criminal Compl., D.E. 85-1, at pp. 4-7.

It is true that this action and the criminal proceedings both assert wrongdoing by Defendant Bridges in her capacity as a corrections officer. Beyond that, however, there is little, if any, overlap.[2] The Second Amended Complaint alleges that Defendant Bridges not only failed

---

[2] Plaintiff acknowledges that the criminal charges are not relevant to this matter. *See* Pl.'s Br., D.E. 87, at p. 8 ("Her criminal indictment has no factual relation to Plaintiff's case having occurred several years after."). Presumably, then, there is no reason that Plaintiff's counsel would inquire about the criminal charges, or the allegations underlying them, at Defendant Bridges's deposition. As set forth in paragraph six of the Pretrial Scheduling Order, if there is any dispute arising at the

5

to intervene, but also acted affirmatively to violate Plaintiff's civil rights in November 2017. Second Am. Compl., D.E. 36, at pp. 9-14. The Criminal Complaint, on the other hand, accuses Bridges of violating New Jersey State criminal law by omission following an altercation involving different officers, a different inmate, at a different facility more than three years later. Criminal Compl., D.E. 85-1, at pp. 4-7. In short, the elements of the claims in this case and the charges in the criminal case are distinct, the underlying facts are distinct, and the witnesses do not overlap other than Defendant Bridges herself. Consequently, the proofs necessary to establish Bridges's role in each incident and, potentially, her civil and/or criminal liability will differ. The Court therefore concludes the first *Walsh Securities* factor weighs strongly against granting a stay.

Defendant Bridges relies on two cases, but neither is particularly applicable here. In *Colombo v. Board of Education*, the court entered a stay of civil proceedings against a former public-school principal because the facts, evidence, and issues in the parallel criminal case against him significantly overlapped. Civ. No. 11-0785, 2011 WL 5416058, at *3 (D.N.J. Nov. 4, 2011). Both cases arose from that defendant's alleged inappropriate sexual conduct toward plaintiff. *Id.* The same is not true here. A stay was also entered in *Haas v. Burlington County*, but that case did not involve parallel criminal proceedings or an application of the *Walsh Securities* factors. Civ. No. 08-1102, 2009 WL 4250037, at *1-2 (D.N.J. Nov. 24, 2009). The proceedings were stayed because the Third Circuit was in the process of considering a dispositive legal issue. *Id.* at *2. Neither of these cases persuade the Court that the issues in this matter and the criminal proceedings against Defendant Bridges significantly overlap.

---

deposition, the parties shall contact the Undersigned to intervene before adjourning the deposition. Pretrial Scheduling Order, June 10, 2019, D.E. 24, at ¶ 6.

2. The Status of the Criminal Case

The argument for a stay of discovery in a civil case is strongest "during a criminal prosecution after an indictment is returned, as it is then that the potential for self-incrimination is greatest." *Castellani*, 2014 WL 201955, at *2 (quoting *United States v. All Articles of Other-Sonic Gneric Ultrasound Transmission Gel*, Civ. No. 12-2264, 2013 WL 1285413, at *2 (D.N.J. March 27, 2013)). "However, each case must be evaluated individually." *Strategic Env't Partners*, 2016 WL 3267285, at *4 (citing *Walsh Sec.*, 7 F. Supp. 2d at 527). Defendant Bridges has not been indicted, and neither party has indicated a criminal trial against her will soon commence. Def.'s Br., D.E. 85-2, at p. 4. Even if a grand jury returned an indictment against Defendant Bridges, the risk of self-incrimination would likely remain minimal because the civil and criminal proceedings against her concern entirely different factual and legal issues. The Court also notes that Defendant Bridges retains the ability to invoke her Fifth Amendment rights and any other applicable privilege in response to certain deposition questions. *Nat'l life Ins. Co. v. Hartford Accident & Indem. Co.*, 615 F.2d 595, 600 (3d Cir. 1980); *see also Colony Ins. Co. v. Kwasnik*, Civ. No. 12-722, 2013 WL 12147612, at *3 (D.N.J. May 7, 2013). This factor therefore weighs against granting a stay.

3. Plaintiff's Interest

The Court next weighs Plaintiff's interest in proceeding expeditiously against the prejudice Plaintiff will experience if a stay is granted. *Walsh Sec.*, 7 F. Supp. 2d at 527. "The mere fact that additional time will pass does not establish prejudice to the [p]laintiff. To establish prejudice, the plaintiff must show a unique injury such as fading memories, asset dissipation, or an attempt to gain an unfair advantage from the stay." *Colombo*, 2011 WL 5416058, at *4 (citations omitted).

In support of the motion, Defendant Bridges argues that a stay will not prevent a timely resolution in this matter, because Plaintiff's counsel already possesses discovery concerning Defendant Bridges's role in the alleged assault.  Def.'s Br., D.E. 85-2, at p. 12.  That discovery purportedly includes video footage of the incident, and a copy of Defendant Bridges's recorded statement to internal investigators.  *Id.*  Plaintiff contends that discovery is not as valuable as an adversarial deposition, and notes that Defendant Bridges has failed to cite any cases excusing a named defendant from a deposition merely because their opponent possesses relevant discovery.  Pl.'s Br., D.E. 87, at p. 10.  Plaintiff further argues that Bridges's failure to provide the Court a timeline means she is seeking, in essence, an indefinite stay that is especially prejudicial to Plaintiff, given the three-year age of this matter.  *Id.* at pp. 9-11.

Federal Rule of Civil Procedure 30 gives Plaintiff the right to question Defendant Bridges by oral deposition, and Plaintiff's possession of relevant discovery does not diminish that right or serve as a basis for Defendant Bridges to indefinitely delay or avoid her deposition.  That said, the Court recognizes that Plaintiff has an interest in the speedy resolution of this case, but finds that Plaintiff "has asserted no injury that is particularly unique."  *Walsh Sec.*, 7 F. Supp. 2d at 528.  This factor therefore weighs in favor of granting a stay, albeit to a limited degree.

4. The Private Interests of and Burden on Defendant

With respect to the fourth *Walsh Securities* factor, Defendant Bridges argues she will face substantial prejudice if she is not granted a stay because she will be forced to choose between waiving her Fifth Amendment rights to defend herself or risk suffering an adverse inference in this matter.  Def.'s Br., D.E. 85-2, at pp. 13-15.  Plaintiff contends Defendant Bridges has not demonstrated any legitimate burden, as the civil and criminal proceedings against her do not arise from the same set of facts.  Pl.'s Br., D.E. 87, at pp. 12-13.

The Fifth Amendment "not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973). This right protects against disclosures "which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. United States*, 406 U.S. 441, 444-45 (1972). Further, the Fifth Amendment protects against not only the direct admissions of crimes, but also against disclosures that might "furnish a link in the chain of evidence needed to prosecute the claimant . . . ." *Hoffman v. United States*, 341 U.S. 479, 486 (1951). However, the protection afforded by the Fifth Amendment "must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer." *Id*. A witness is not relieved from answering relevant questions "merely because he declares that in so doing he would incriminate himself – his say-so does not of itself establish the hazard of [self] incrimination. It is for the court to say whether his silence is justified." *Id*.

To determine that a Fifth Amendment privilege applies, a court must find that it is "evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Id.* at 486-87. In this case, as Defendant Bridges seeks a protective order on the basis that submitting to her deposition might incriminate her, she bears the burden of establishing that there exists a legitimate risk that her deposition testimony in this case might incriminate her in the New Jersey Superior Court criminal case. *Brock v. Gerace*, 110 F.R.D. 58, 63 (D.N.J. 1986). That requires Defendant Bridges to provide information "sufficient to demonstrate that a responsive answer could furnish a link in the chain of evidence needed to

9

prosecute [her], or which might lead to other evidence that could possibly be used in a criminal prosecution against [her]." *Id.* at 65. In short, Defendant Bridges must show how her answers "could have a real and appreciable tendency to incriminate [her], and not one that is remote or fanciful." *Id.*

Defendant Bridges has failed to carry her burden. She has failed to explain with any specificity or clarity how her testimony concerning the November 29, 2017 incident and her involvement in it would furnish a "link in a chain of evidence" in her criminal action. As noted earlier, the two incidents occurred more than three years apart, and involved entirely separate acts, alleged victims, and potential witnesses. Accordingly, any possibility that Defendant Bridges's deposition testimony might compromise her Fifth Amendment privilege and prejudice her ability to defend herself in the criminal action is remote. Accordingly, this factor weighs against a stay.

5. The Interests of the Court

The Court must also consider its own interests in determining whether to grant a stay. *Walsh Sec.*, 7 F. Supp. 2d at 527. The Court "has an interest in resolving individual cases efficiently" and in effectively managing its caseload. *Id.* at 528. "[I]n many cases granting a stay to allow the criminal matter to proceed first streamlines the proceedings and helps expeditiously resolve the civil matter" by clarifying issues or establishing liability. *Strategic Env't Partners*, 2016 WL 3267285, at *5 (citing *Colombo*, 2010 WL 5416058, at *6). In this matter, however, the Court's interests would not be furthered by a stay of Defendant Bridges's deposition. The criminal proceedings against Defendant Bridges will not clarify the parties' factual disputes or answer any legal questions in this case because the criminal proceedings concern a separate, dissimilar incident. Additionally, as there is no indictment or trial date in the

10

criminal action, Defendant Bridges's deposition would be stayed indefinitely and in tension with the Court's interest in judicial efficiency. *Castellani*, 2014 WL 201955, at *3; *Cress v. City of Ventnor*, Civ. No. 08-1873, 2009 WL 750193, at *3 (D.N.J. Mar. 18, 2009). The Court therefore concludes that this factor weighs against granting a stay.

6. The Public's Interest

The Court lastly considers the public's interest. *Walsh Sec.*, 7 F. Supp. 2d at 527. Normally, "[t]here is no harm to the public interest in granting a stay." *Id.* at 529. A stay may "benefit the public by allowing the Government to conduct a complete, unimpeded investigation into potential criminal activity." *Id.* Defendant Bridges argues a stay of her deposition will benefit the public by clarifying the issues and allowing an unencumbered, cost-effective resolution of this case. Def.'s Br., D.E. 85-2, at pp. 16-17. Plaintiff counters a stay will harm the public's interest "in remedying the [alleged] violation of his civil rights." Pl.'s Br., D.E. 87, at p.14.

The Court agrees with Plaintiff's position. Plaintiff's allegations raise issues of serious public concern, *see Castellani*, 2014 WL 201955, at *2-3 (describing excessive force allegations against law enforcement officers as "issues of significant public concern"), and "the public has a vital interest in promptly getting to the bottom of what happened," *Forrest*, 757 F. Supp. 2d at 479. The Court is not persuaded by Defendant Bridges's contention that "discovery will be inefficient because of a constant stream of privilege issues," given that fact discovery in this matter, apart from Defendant Bridges's deposition, was ordered to conclude on October 11, 2021. Def.'s Br., D.E. 85-2, at p. 17; *see* Am. Scheduling Order, Aug. 11, 2021, D.E. 81, at ¶ 1. The Court holds this *Walsh Securities* factor weighs against granting a stay.

## IV. CONCLUSION

The *Walsh Securities* factors weigh decisively against granting a stay of Defendant Bridges's deposition. Accordingly, the Court finds Defendant Bridges has not established good cause for the issuance of a protective order and the motion is **denied.** An appropriate Order accompanies this Opinion.

                                                */s Michael A. Hammer*
                                                **Hon. Michael A. Hammer,**
                                                **United States Magistrate Judge**

Dated: November 18, 2021